UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA RAMIREZ, <br><br> Plaintiff, <br><br> v. <br><br> LOCOCO'S CUCINA RUSTICA, et al., <br><br> Defendants. | Case No. 16-cv-04362-EDL <br><br> **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** <br><br> Re: Dkt. No. 36 |

This is an Americans with Disabilities Act case. Pending before the Court is a motion for summary judgment filed by Defendants Lococo's Cucina Rustica ("Lococo's"), Albert Lococo, and Kendal Lococo, collectively "Lococo Defendants," on the grounds that Plaintiff Irma Ramirez's claim for injunctive relief under the ADA is moot. Lococo Defendants also move the Court to decline to exercise supplemental jurisdiction over Plaintiff's state law claims. The Court, in its discretion, finds this mater suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b). Having read and considered the papers filed in connection with this motion, the Court **GRANTS** Defendants' motion for the reasons stated below.

## I. FACTUAL BACKGROUND

Plaintiff Irma Ramirez is a person with physical disabilities. Compl. ¶ 6.[1] She suffers from Post-Polio syndrome. Id. She relies on either crutches or a wheelchair to travel about in public. Id.

Defendant Lococo's is a restaurant in Santa Rosa, California. Decl. of Albert Lococo ¶ 1. It has undergone renovations since 1970. Compl. ¶ 9. Defendants Yvonne M. Marcucci and

---

[1] Plaintiff did not attach a declaration or affidavit describing herself or her experiences at Lococo's to her Opposition to Defendants' motion. Accordingly, many of the citations are to Plaintiff's complaint. These facts appear to be undisputed.

Roland Thibault own the real property on which Lococo's is located. Lococo Decl. ¶ 2, Compl. ¶ 10. Defendants Albert Lococo and Kendal Lococo co-own the restaurant and lease the property from Marcucci and Thibault. Lococo Decl. ¶ 1, Compl. ¶ 11.

On or about July 2, 2015 and July 21, 2016, Plaintiff visited Lococo's.[2] Compl. ¶ 17. Plaintiff observed or experienced several architectural barriers at Lococo's.[3] There was no strike side clearance,[4] the door had a doorknob, the interior paths of travel between the tables were too narrow, and the doorway entrances to the restrooms were too narrow. Compl. ¶¶ 19-21. Plaintiff felt awkward and was embarrassed at Lococo's because other patrons had to move from their tables to allow Plaintiff to pass by and she could not use the restroom at Lococo's. Compl. ¶¶ 19-21. Plaintiff felt humiliated when the food server suggested that she use the restroom at the pub next door. Compl. ¶ 22.

On July 31, 2015, Plaintiff wrote a letter to Marcucci, Thibault, and Lococo Defendants, collectively "Defendants," describing her experience at Lococo's and detailing the access problems. Compl. ¶ 23. The letter suggested organizations that Defendants could reach out to for more information about access and to have an inspection done. Compl. ¶ 23. Defendants did not respond to her letter. Compl. ¶ 23.

---

[2] Plaintiff visited Lococo's with her husband Daren Heatherly, who is also a disabled person. Compl. ¶¶ 1, 17. The complaint refers to Heatherly as "claimant Daren Heatherly," and describes his experiences at Lococo's. See, e.g., Compl. ¶¶ 3, 6. The complaint states that Heatherly is not a named party and that his "inclusion in the complaint is to put defendant(s) on notice that he has a claim and has chosen not to file an action on his behalf at this time." Compl. at 2:4-6. The deadline for Plaintiff to amend her complaint to add Heatherly as a plaintiff has passed. Dkt. No. 35 (setting October 27, 2017 as the deadline for amending pleadings to add new parties). Since, Heatherly is not a party, Plaintiff's inclusion of his experiences in her complaint has no bearing on the case.

[3] Plaintiff defines "architectural barriers" as "physical features that limit or prevent people with disabilities from obtaining the goods or services that are offered. Compl. ¶ 7.c. Plaintiff provides examples, such as "parking spaces that are too narrow to accommodate people who use wheelchairs; a step or steps at the entrance or to part of the selling space of a store; round doorknobs or door hardware that is difficult to grasp; aisles that are too narrow for a person using a wheelchair, electric scooter or a walker; a high counter or narrow checkout aisles [sic] at the cash register[;] and fixed tables in eating areas that are too low to accommodate a person using a wheelchair or have fixed seats that prevent a person using a wheelchair from pulling under the table." Id.

[4] A strike side clearance is a clear space next to the front door to angle out a wheelchair. Compl. ¶ 23. Without a strike side clearance, it is very difficult for someone in a wheelchair to pull the door open. Id.

## II. PROCEDURAL HISTORY

On August 3, 2016 Plaintiff filed this complaint against Defendants. She alleges that Defendants violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, California Civil Code §§ 54, 54.1, and 54.3, California Health & Safety Code § 19955, and the Unruh Civil Rights Act, California Civil Code § 51, *et seq.* For her ADA claim, Plaintiff seeks injunctive relief and attorney's fees, if she is deemed to be the prevailing party. Compl. at p. 32.

On August 8, 2016, Lococo Defendants received Plaintiff's complaint. Lococo Decl. ¶ 3. On or about September 13, 2016, Lococo Defendants had Kim Blackseth, a state-certified access specialist, inspect the restaurant. Lococo Decl. ¶ 5. In October 2016, Lococo Defendants received Blackseth's recommendations. Lococo Decl. ¶ 5. By January 26, 2017, Lococo Defendants had finished implementing all the changes Blackseth recommended. Lococo Decl. ¶ 6. Around that time, Blackseth informed Lococo Defendants that "nothing further was required to provide disabled access." Lococo Decl. ¶ 7. Based on Blackseth's recommendation, Albert Lococo believes they have removed all barriers to access. Lococo Decl. ¶ 7.

On February 14, 2017, the parties participated in a site inspection at Lococo's. Declaration of Sara Allman, ¶ 3. At that inspection, Plaintiff's counsel insisted that the two restrooms be converted into one unisex accessible restroom. Allman Decl. ¶ 3. Plaintiff's counsel did not identify any other barriers. Allman Decl. ¶ 3.

On March 28, 2017, Plaintiff filed a notice of need for mediation with the Court. On July 26, 2017, the parties engaged in mediation. The case did not settle.

On June 22, 2017, Plaintiff's consultant reported that one unisex bathroom would not be possible or permitted. Allman Decl. ¶ 4. Ex. A. Sara Allman, counsel for Lococo's Defendants, states that Plaintiff's counsel has acknowledged to her that any barriers to access at Lococo's have been removed. Allman Decl. ¶ 5.

On August 15, 2017, Plaintiff settled with Defendants Marcucci and Thibault. Declaration of Sara Allman ¶ 1. On September 19, 2017, Plaintiff voluntarily dismissed those defendants. Dkt. 28.

On September 27, 2017, the Court held a case management conference in this case. On

3

1  September 28, 2017, the Court issued its case management order.

2  On November 11, 2017, Lococo Defendants moved for summary judgment on the basis that Plaintiff's claim for injunctive relief under the ADA was moot and that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. On November 21, 2017, the Court granted the parties' stipulation to continue the hearing to January 4, 2018. On December 12, 2017, Plaintiff filed her opposition. On December 19, 2017, Lococo Defendants filed their reply. On December 28, 2017, the Court determined that the matter was appropriate for resolution without oral argument and removed the hearing from its calendar.

### III. PLAINTIFF'S ADA CLAIM

Lococo Defendants move for summary judgment on Plaintiff's ADA claim on the grounds that the claim is moot because the ADA provides only for injunctive relief. They argue that injunctive relief is not available because Lococo Defendants have removed all access barriers.

#### A. Legal Standard

The court should grant summary judgment to a moving party when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Summary judgment on an ADA claim is appropriate when the claim for injunctive relief is moot. See, e.g., Kohler v. Southland Foods, Inc., 459 F. App'x 617, 618 (9th Cir. 2011). "Because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA, . . . a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011).

#### B. Discussion

Lococo Defendants have demonstrated that they have removed the barriers that Plaintiff identified. See Lococo Decl. ¶¶ 5-7. Shortly after receiving Plaintiff's complaint, Lococo Defendants began making the recommended changes. Id. Their changes satisfied the independent access specialist and Plaintiff's own consultant. See Lococo Decl. ¶¶ 5-7; Allman Decl. ¶¶ 3-5. In her opposition to summary judgment, Plaintiff did not file any affidavit or declaration that states that there are still barriers at Lococo's. She also did not identify any barriers listed in her

4

complaint that Lococo Defendants have not removed.

Moreover, Plaintiff appears to concede that summary judgment is appropriate for her ADA claim. She states that "Defendants conclude that because injunctive relief is moot, that plaintiff lacks standing to pursue the state law damages claim and thus there is no genuine issue in dispute." Opp. at 1. She also states that, "[i]n the midst of heavily litigating this matter, Defendants corrected the violations alleged in the Complaint and are now requesting the Court rule on a single issue rather than exercise supplemental jurisdiction and rule on all causes of action, thereby bringing an end to litigation." Opp. at 2. In correspondence between the parties, which Plaintiff submitted, Plaintiff's counsel states, "[W]e agree that the barriers have been removed." Declaration of Thomas Frankovich Ex. A. at 6. Accordingly, Lococo Defendants have met their burden of showing that Plaintiff's ADA claim is moot. The Court therefore **GRANTS** their motion for summary judgment and dismisses Plaintiff's ADA claim.

## IV. STATE LAW CLAIMS

Lococo Defendants argue that, if the Court dismisses the ADA claim, which is Plaintiff's only federal claim, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff does not raise any basis for jurisdiction over her state law claims, aside from supplemental jurisdiction over the claims based on jurisdiction for the federal ADA claim.

### A. Legal Standard

District courts have original jurisdiction over claims arising under federal law. 28 U.S.C. § 1331. Federal courts also have "supplemental jurisdiction" over claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

A district court may decline to exercise its supplemental jurisdiction over a state law claim if it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(4). In determining whether to exercise supplemental jurisdiction, the court should balance "judicial economy, convenience, fairness, and comity." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only

state law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." Id. at 350. "The Supreme Court has stated, and [the Ninth Circuit has] often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state law claims.'" Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir.), supplemented, 121 F.3d 714 (9th Cir. 1997), as amended (Oct. 1, 1997) (quoting Carnegie-Mellon, 484 U.S. at 350, n. 7). For example, in Oliver v. Ralphs Grocery Co., the Ninth Circuit affirmed the district court's decision not to exercises supplemental jurisdiction over the plaintiff's state law claims after the district court dismissed the plaintiff's ADA claim. 654 F.3d 903, 911 (9th Cir. 2011).

By contrast, the balance of these factors may not favor dismissal when the district court has expended considerable resources on the state law claims. In Aydin Corp. v. Loral Corp., the Ninth Circuit approved the district court's decision to retain jurisdiction over a plaintiff's state law claims after dismissing the only federal claims because the record showed "that the court and the litigants had expended considerable time on the pendent claims before the [federal] antitrust claims were dismissed." 718 F.2d 897, 904 (9th Cir. 1983). Similarly, in In re Nucorp Energy Sec. Litig., the Ninth Circuit affirmed the district court's decision to exercise supplemental jurisdiction over state law claims because the district court was "eminently familiar" with the state law claims and dismissing the claims to be refiled in state court would have "unnecessarily [imposed] on a state court or [the other party] a repetition of pleadings, motions, discovery and other pre-trial proceedings. 772 F.2d 1486, 1491 (9th Cir. 1985). See also Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995) (holding that district court did not abuse its discretion by retaining state claims based in part on the efforts already expended by counsel when the case had been in "federal court for some time."); Arizona v. Cook Paint & Varnish Co., 541 F.2d 226, 228 (9th Cir. 1976) (holding that it "was not an abuse of discretion for the district court to refuse to vacate the judgments on those state claims that it had already decided on their merits" after it dismissed the plaintiff's federal claims).

**B. Discussion**

Neither party disputes that the Court has discretion whether to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff argues that this "case has involved nearly eighteen months of 'often heated' litigation" in which "the parties hereto have fully and completely litigated the case and a trial date is set." Opp. at 4. However, although this case was filed over a year ago, there has been little Court involvement thus far because the parties have been participating in their inspection and mediation. This case is not near the eve of trial, which is scheduled for July 16, 2018, and the parties have only engaged in minimal discovery. Dkt. 35 at 1; Mtn. at 9. As of the parties' September 21, 2017 Joint Case Management Statement, Plaintiff had not conducted any discovery. Dkt. No. 33 at 8. The fact discovery cut-off for this case is January 31, 2018. Dkt. 35 at 1.

More importantly, the Court has not issued any substantive rulings in this case on either the ADA claim or the state law claims. This is the first contested motion thus far in the litigation. Even for this motion, the parties are not asking the Court to determine whether Lococo Defendants violated the ADA before they made the changes to their restaurant. Accordingly, dismissing this case does not offend principles of judicial economy.

Plaintiff, nonetheless, argues that dismissing the case to be refiled in state court would be contrary to judicial economy because Plaintiff would have to pay a new filing fee and for new service of process and because the parties would have to bring a new state court judge up to speed, have a new case management conference, and file "motions for summary judgment that raise the identical issues that have already [been] briefed and are pending resolution in front of this Court." Opp. at 4. Her argument is not persuasive. Granting this motion for summary judgment would not require the parties to raise any of these issues again in state court. Moreover, Plaintiff's arguments regarding filing fees and service would swallow the rule. If those concerns were sufficient to prevent the Court from declining to exercise supplemental jurisdiction, the court would virtually never exercise its discretion to decline supplemental jurisdiction after dismissing federal claims.

Plaintiff also argues that fairness requires the Court to retain jurisdiction over her state law

7

claims because she may not prevail in state court. She does not explain how her chance of success comes into play in the analysis required by the Supreme Court. Accordingly, the Court **DISMISSES** Plaintiff's state law claims.

## V. ATTORNEYS' FEES

Plaintiff devotes a large section of her opposition to analysis of the availability of attorney fees under the state court claims and the ADA. Plaintiff does not appear to be arguing that she is a prevailing party under the ADA. If she did, the argument would fail because there has not been an enforceable judgment or court-ordered consent decree in her favor. See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532 U.S. 598, 603-04 (2001) (holding that to be considered a prevailing party, the party must have "been awarded some relief by the court").

Plaintiff also points out the California statutes under which she seeks relief authorize courts to award attorney fees incurred in ancillary proceedings, including proceedings in federal court. Children's Hosp. & Med. Ctr. v. Bonta, 97 Cal. App. 4th 740, 781, 118 Cal. Rptr. 2d 629 (2002). Accordingly, Plaintiff has not presented any reason that the availability of attorney's fees weighs in favor of the Court exercising supplemental jurisdiction over the case.[5]

## VI. CONCLUSION

For the reasons set forth above, the Court dismisses Plaintiff's ADA claim as moot and declines to exercise supplemental jurisdiction over her state law claims.

**IT IS SO ORDERED.**

Dated: January 10, 2018

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

---

[5] Plaintiff concludes her brief with an attack on defense counsel's motives for seeking dismissal of this case, which is irrelevant at best. (Opp. at 8).